UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0147 FMO (ASx) | Date | November 7, 2024 |
|---|---|---|---|
| Title | Trillium Partners L.P. v. Sherratt Reicher | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Retaining Counsel

On November 7, 2024, the court granted (1) Call & Jensen's Motion for Leave to Withdraw as Counsel of Record for Third-Party Defendants NutraNomics, Inc., Jonathan Bishop, and Geoff Bazegian (Dkt. 91, "C&J Motion"); and Amin Wasserman Gurnani, LLP's Motion to Withdraw as Counsel for Trillium Partners, L.P., Southridge LLC, and Stephen Hicks (Dkt. 96, "Amin Wasserman Motion"), allowing counsel to withdraw their representation of the subject parties. (See Dkt.105, Court's Order of November 7, 2024). By granting the motions, Trillium Partners, L.P., NutraNomics, Inc., and Southridge LLC, (collectively, "entity parties"), which are corporations and/or a type of business entity, no longer have counsel.

It is well-settled that corporations and other business entities cannot appear pro se in federal court; they must be represented by licensed counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted); United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) ("A corporation may appear in federal court only through licensed counsel.") (citations omitted); Local Rule 83-2.2.2 ("No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1."). In addition, a sole shareholder or principal of a corporation may not represent the corporation in federal court. See High Country Broad. Co., 3 F.3d at 1245; see also In re Waksberg, 2009 WL 1211355, at *1 (C.D. Cal. 2009) ("[T]he principal of a corporation cannot appear on its behalf pro se. Because it is not a natural person, the corporation must be represented by an attorney.") (citation omitted) (italics original).

Under the circumstances, the court will give Trillium Partners, L.P., NutraNomics, Inc., and Southridge LLC time to retain counsel to represent them in this action. Failure to retain counsel by the deadline set forth below shall result in the entry of default against the noncompliant party and/or dismissal of the Complaint.

Finally, Jonathan Bishop ("Bishop"), and Geoff Bazegian ("Bazegian"), and Stephen Hicks ("Hicks') are advised that pro se litigants "must follow the same rules of procedure that govern

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0147 FMO (ASx) | Date | November 7, 2024 |
|---|---|---|---|
| Title | Trillium Partners L.P. v. Sherratt Reicher | | |

other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by, Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012).  If Bishop, Bazegian, and Hicks would like to retain new counsel, they should do so immediately and no later than the deadline set forth below for the entity parties.  If they fail to do so, the court will assume that they intend to proceed pro se.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  Notices of Appearance must be filed by counsel for the entity parties no later than **December 2, 2024**.  No requests for extensions of time shall be considered.

2.  In the event a Notice of Appearance is not filed with respect to an entity party by the deadline set forth above, Sherratt Reicher shall file a request for entry of default against the noncompliant party by no later than **December 9, 2024,** as to his claims against such parties.  With respect to Trillium Partners, L.P., failure to retain counsel by the deadline set fort above shall result in the dismissal of its Complaint for lack of prosecution and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |